# EXHIBIT A

Docket - 24C1155
File Date - 05/07/2024
Court - 6

Davidson County
Case Pleadings

BRADEN, DAVID
vs
ARB GAMING LLC

| Line | File Date | Description | Filed By | Amount | Payment |
|---|---|---|---|---|---|
| 1 | 05/07/2024 | CIVIL COMPLAINT 281429*1 | P1 | 284.50 | 309.50 |
| 2 | 05/07/2024 | COST BOND OF MICHAE J. WALL AS SURETY TO PLNTF | P1 | | |
| 3 | 05/07/2024 | SUMMONS SECRETARY STATE-D1 W/C | P1 | 25.00 | 309.50 |
| 4 | 05/09/2024 | CHECK SECRETARY OF STATE CHECK NO. 160187 $20.00 | | | |
| 5 | 06/20/2024 | AFFIDAVIT OF SERVICE OF PROCESS D1-SERVED - OTHER D1 RT-05/23/2024 | P1 | | |

IN THE CIRCUIT COURT FOR THE STATE OF TENNESSEE
TWENTIETH JUDICIAL DISTRICT AT NASHVILLE

| | | |
|---|---|---|
| DAVID BRADEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. _____ |
| | ) | |
| ARB GAMING LLC, | ) | |
| | ) | |
| Defendant. | ) | |

---

## COMPLAINT

---

Comes the Plaintiff, David Braden, and hereby complains against Defendant ARB

Gaming, LLC as follows:

### INTRODUCTION

1.      Defendant owns and operates a popular online casino known as Modo Casino.

2.      In this casino, Defendant offers a multitude of slot machine games, table games

like poker and blackjack, and other games of chance.  The games are available to play online at

modo.us and can also be accessed from facebook.com.

3.      Defendant provides first-time visitors to Modo Casino with an allotment of free

"Gold Coins" and "Sweepstakes Coins," which can be used to wager on the games.  Defendant

also provides users with a small number of free Gold Coins and Sweepstakes Coins in various

other ways.

4.      After users inevitably lose their free Gold Coins, Defendant offers to sell them

additional Gold Coins for money.  Defendant claims not to sell Sweepstakes Coins; however, it

gives free Sweepstakes Coins to users who purchase Gold Coins.

5.      Users wager Gold Coins to win more Gold Coins.  The Gold Coins won by

playing Defendant's games of chance are identical to the Gold Coins that Defendant sells.

6.      Users wager Sweepstakes Coins to win additional Sweepstakes Coins that can eventually be redeemed for cash or gift cards.

7.      Both Gold Coins and Sweepstakes Coins give users the privilege of playing Defendant's games without a monetary charge.

8.      By offering gambling through its casino, Defendant has violated Tennessee law and made illegal profits from Tennesseans.

9.      Plaintiff brings this lawsuit to recover Tennessee users' losses at Modo Casino for the benefit of such users' families pursuant to Tennessee law.  Plaintiff additionally seeks punitive damages and other appropriate relief.

## JURISDICTION AND VENUE

10.     Pursuant to Tenn. Code Ann. § 16-10-101, this Court is a court of general jurisdiction with subject matter jurisdiction over this action.

11.     This Court has personal jurisdiction over Defendant pursuant to Tennessee's long-arm statutes, particularly Tenn. Code Ann. §§ 20-2-201, -214, -223, and -225, because Defendant has transacted business in Tennessee and contracted to supply services or goods in Tennessee. Plaintiff's claims against Defendant arise from those acts.

12.     Venue is proper in Davidson County pursuant to Tenn. Code Ann. § 20-4-104(3)(B) because Defendant does not maintain a registered agent in Tennessee and has conducted affairs in Tennessee without obtaining a certificate of authority from the Tennessee Secretary of State.  Statutes, therefore, designate the Tennessee Secretary of State as Defendant's registered agent.  *See* Tenn. Code Ann. § 48-208-104(b); *id*. § 48-249-112(b).  The Tennessee Secretary of State is located in Davidson County.

13.     Venue is also proper in Davidson County pursuant to Tenn. Code Ann. § 20-4-104(1) because a substantial part of the events or omissions giving rise to this action accrued in Davidson County.

## PARTIES

14.     Plaintiff David Braden is a natural person and a citizen of Tennessee residing in Munford, Tennessee.  Plaintiff has never played games or made purchases at Modo Casino. Plaintiff opposes Defendant's gambling business on moral and social grounds.  He brings this lawsuit pursuant to Tenn. Code Ann. § 29-19-105 to recover gambling losses for the use and benefit of the families of Modo Casino users.

15.     Defendant ARB Gaming LLC is a limited liability company organized under the laws of Delaware.  By statute, the Tennessee Secretary of State is Defendant's default registered agent in Tennessee.  *See* Tenn. Code Ann. § 48-208-104(b); *id*. § 48-249-112(b).  However, Defendant also maintains a registered agent at United States Corporation Agents, Inc., 131 Continental Drive, Suite 305, Newark, Delaware 19713.  Defendant owns and operates Modo Casino.  Defendant conducts business throughout Davidson County and the State of Tennessee.

## FACTUAL ALLEGATIONS

16.     The widespread use of personal computers and smartphones has led to the growth of so-called "social casinos" on the Internet.  Social casinos closely imitate traditional casinos by offering slot machines and other games of chance in an online environment.  Typically, social casinos do not charge an upfront free but offer virtual currency (gold, chips, tokens, or similar items) for a cash price.

17.     Social casinos have become enormously profitable.  According to The Business Research Company, a market intelligence and research company, the global social casino market

4895-8086-4137, v. 2

is expected to grow from $7.39 billion in 2023 to $7.99 billion in 2024, an annual growth rate of

8.1%.  Social Casino Global Market Report 2024 (January 2024), "Description" tab, *available at*

https://www.thebusinessresearchcompany.com/report/social-casino-global-market-report (last

visited May 7, 2024).

18.     Defendant's Modo Casino is a popular social casino available in Tennessee.

19.     The majority of games offered at Modo Casino are slots that mimic physical slots

machines.  An example of one such game, "777 Coins Hold and Win," is displayed below:



20.     Users visiting Modo Casino for the first time are awarded an allotment of free

Gold Coins and Sweepstakes Coins.  Users can choose to play games in either of two modes:

"Standard Play," using Gold Coins, or "Promotional Play," using Sweepstakes Coins.

21.     When users engage in Standard Play, each play results in a win or loss of Gold

Coins.  Users quickly lose their initial allotment of Gold Coins or so many of them that the users

do not have enough to place the minimum bet for a particular game.

22.     At that point, users cannot continue playing the game.  Defendant tells them they

have "insufficient funds" or other words to the same effect:



23.     If a user with insufficient Gold Coins exits the game, Defendant may provide him or her with a small number of additional Gold Coins for free.  However, this interrupts the game, and the user will likely run out of Gold Coins again quickly.

24.     Defendant offers Gold Coins for sale.  Standard pricing ranges from $0.99 for 1,000 Gold Coins to $499.99 for 5,000,000 Gold Coins, but Defendant also has special offers:









25.    By purchasing Gold Coins, users can resume playing Defendant's games.

26.    If users win, they can utilize the Gold Coins they won to continue playing. But eventually, users lose their entire Gold Coin balances and must spend more money to continue playing the games they want without interruption.

27.    When someone wagers Gold Coins on Defendant's social casino games, that

person can either lose and forfeit the Gold Coins wagered or win and be awarded additional Gold Coins. For example, a user might make a 30,000-coin wager and win 75,000 coins. The newly won Gold Coins provide the user with free plays. Absent the winning play, the 75,000 coins would have cost the user $19.99 to buy.

28. Each day a user logs in to Modo Casino, Defendant gives the user a daily bonus that includes a small number of free Gold Coins and Sweepstakes Coins.

29. Given the small number of free Gold Coins offered by Defendant, a user who chooses not to pay will quickly run out of coins and lose the opportunity to continue playing, at least for a period of time. This is one reason why so many users pay for Gold Coins, instead of simply using free ones offered by Defendant.

30. Instead of playing with Gold Coins purchased directly with money in Standard Play, users can play with Sweepstakes Coins in Promotional Play.

31. Users do not purchase Sweepstakes Coins.

32. Rather, users can receive Sweepstakes Coins in the following ways: as a free bonus with the purchase of specifically marked packs of Gold Coins, by responding to no-cost challenges and giveaways on Defendant's social media accounts, as part of a daily bonus when logging in to the users' accounts, by mailing a request to Defendant, or by bringing new users to Modo Casino under Defendant's Referral Program.

33. Upon information and belief, users acquire the majority of Sweepstakes Coins in conjunction with purchases of Gold Coins. This option avoids the delay and hassle of mailing a request to Defendant or referring other users to Modo Casino in accordance with Defendant's strict requirements. And although users can obtain Sweepstakes Coins simply by logging in each day, the amount of the daily bonus is minimal.

34.     Users engage in Promotional Play by playing the same games with Sweepstakes Coins that users would otherwise play with Gold Coins. Sweepstakes Coins acquired by one of the methods described above can be used to win additional Sweepstakes Coins.

35.     Sweepstakes Coins won through game play can be redeemed for monetary prizes. A user must have at least 20 eligible Sweepstakes Coins to redeem them for a gift card. A user must have at least 100 eligible Sweepstakes Coins to redeem them for cash. The rate of redemption is $1.00 for each eligible Sweepstakes Coin.

36.     Whether in Standard Play, using Gold Coins, or Promotional Play, using Sweepstakes Coins, the slot machine games at Modo Casino do not require any user action besides pressing a button. The user's device communicates with Defendant's servers, which then execute the games' algorithms and determine the play's outcome.

37.     Defendant's slot machine games do not depend, to any degree, on the skill of the user. All of Defendant's slot machine games are based entirely on chance.

38.     Modo Casino also offers table games like poker and blackjack. One such game, "Oasis Poker Classic," is displayed below:



39.     The table games at Modo Casino depend mostly or entirely on chance.

Defendant's algorithms, rather than the user, control which cards are dealt.  Those cards

determine the outcome of the game.  No amount of skill on the user's part can ensure a win.

40.     The miscellaneous other games offered at Modo Casino depend mostly or entirely

on chance.  Modo Casino offers a category of games called "Dare2Win."  One representative

game in this category is "Plinko," which is displayed below:



41.     In Plinko, the user bets on how a virtual ball will bounce off pegs and fall into a

slot at the bottom.  Defendant's algorithms, rather than the user, control where the ball bounces

and which slot it drops into at the bottom.  No amount of skill on the user's part can ensure a

win.

42.     A user cannot play Modo Casino once he or she runs out of Gold Coins and

Sweepstakes Coins.  Section C(2) of the Terms & Conditions states, "You may participate in any

Game only if you have sufficient Gold Coins or Sweepstakes Coins (as applicable) in your

Customer Account.  We will not extend you any credit whatsoever for the purchase of Gold

Coins or otherwise."

43.     Users can exit Modo Casino and return later to pick up where they left off.

Defendant maintains a win-loss record and coin balance for each user.  Once Defendant's

algorithms determine the outcome of a play and Defendant displays the outcome to the user, Defendant adjusts the user's coin balance. Defendant keeps records of every wager, outcome, win, and loss for each user of the social casino.

44. Upon information and belief, hundreds or thousands of people in Tennessee have paid for and lost Gold Coins at Modo Casino in the past year.

45. Upon information and belief, hundreds or thousands of people in Tennessee have lost Sweepstakes Coins at Modo Casino in the past year.

46. For example, Amy Braswell of Murfreesboro, Tennessee, purchased $19.99 in Gold Coins at Modo Casino on or about October 15, 2023. Ms. Braswell has wagered and lost both Gold Coins and Sweepstakes Coins at Modo Casino in the past year. She has not filed a lawsuit to recover these losses.

47. Defendant has acted maliciously, intentionally, fraudulently, or recklessly, subjecting it to punitive damages under Tenn. Code Ann. § 29-39-104(a)(1) and common law.

## COUNT I: RECOVERY OF GAMBLING LOSSES

48. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

49. Tennessee law provides:

> Any person who has paid any money, or delivered anything of value, lost upon any game or wager, may recover such money, thing, or its value, by action commenced within ninety (90) days from the time of such payment or delivery.

Tenn. Code Ann. § 29-19-104.

50. When a gambler authorized to sue under Tenn. Code Ann. § 29-19-104 fails to do so, Tennessee law permits any other person to bring the suit for the benefit of the gambler's family:

> Any other person may, after the expiration of the ninety (90) days, and within twelve (12) months thereafter, recover the amount of such money,

> thing, or its value, by action for the use of the spouse; or, if no spouse, the
> child or children; and, if no child or children, the next of kin of the loser.

Tenn. Code Ann. § 29-19-105.

51.     The Tennessee Code defines gambling as "risking anything of value for a profit whose return is to any degree contingent on chance, or any games of chance associated with casinos, including, but not limited to, slot machines, roulette wheels and the like." Tenn. Code Ann. § 39-17-501(2).  For purposes of this definition, a profit is "anything of value in addition to the gambling bet."  *Id.* § 39-17-501(8).

52.     Gold Coins are things of value because people pay cash for them in arm's-length transactions.  Furthermore, Gold Coins are things of value because they give users access to entertainment and the privilege of playing Defendant's social casino games without a monetary charge.

53.     Sweepstakes Coins are things of value because users can redeem them for monetary prizes.  Furthermore, Sweepstakes Coins are things of value because they give users access to entertainment and the privilege of playing Defendant's social casino games without a monetary charge.

54.     Users risk Gold Coins and Sweepstakes Coins on Defendant's social casino games.

55.     Users risk Gold Coins and Sweepstakes Coins for a profit—namely, more Gold Coins and Sweepstakes Coins, which are things of value in addition to the coins wagered.

56.     The outcome of any game in Modo Casino is contingent on chance.

57.     The games offered at Modo Casino are games of chance commonly associated with traditional brick-and-mortar casinos.

58.     Defendant's social casino games are illegal gambling under the Tennessee Code

and Tennessee common law.

59.     Pursuant to Tenn. Code Ann. § 29-19-105, Plaintiff seeks to recover the full value of the Gold Coins and Sweepstakes Coins lost by Tennesseans who have not filed their own lawsuits under Tenn. Code Ann. § 29-19-104, excluding any judge(s) presiding over this action and the immediate family members of such judge(s).

60.     In accordance with Tenn. Code Ann. § 29-19-105, Plaintiff's recovery is for the use and benefit of gamblers' families. Plaintiff does not seek any personal recovery in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

1.     That service of process be had upon Defendant and that Defendant be required to appear and answer this complaint within the time prescribed by law;

2.     A declaration that Defendant's conduct alleged herein is illegal gambling;

3.     An order enjoining Defendant's wrongful conduct;

4.     Recovery of gambling losses pursuant to Tenn. Code Ann. § 29-19-105 in the amount of $25,000,000;

5.     Punitive damages in the amount of $25,000,000;

6.     Pre-judgment and post-judgment interest, as provided by law;

7.     An award of reasonable attorney's fees, litigation expenses, and court costs; and

8.     All other relief, legal or equitable, that may be just and proper.

Respectfully submitted,


/s/ Michael J. Wall
Michael J. Wall, BPR# 024774
Tricia R. Herzfeld, BPR# 26014
HERZFELD, SUETHOLZ, GASTEL,
    LENISKI, and WALL PLLC
The Freedom Center
223 Rosa L. Parks Avenue, Suite 300
Nashville, TN 37203
Telephone: (615) 800-6225
Facsimile: (615) 994-8625
michael@hsglawgroup.com
tricia@hsglawgroup.com

*Attorneys for Plaintiff*

# IN THE CIRCUIT COURT OF DAVIDSON COUNTY, TENNESSEE
# TWENTIETH JUDICIAL DISTRICT, STATE OF TENNESSEE

DAVID BRADEN }
**Plaintiff(s)** }
}
vs. } **Docket No.** _____
}
ARB GAMING LLC }
**Defendant(s)** }

## COST BOND

I/We, David Braden as Principal and Michael J. Wall as Surety

as Principal(s), and Herzfeld, Suetholz, Gastel, Leniski and Wall, PLLC
as Surety, are held and firmly bound unto the Circuit Court Clerk of Davidson County, Tennessee, for the payment of all costs

  The Principal(s) is/are commencing legal proceedings in the Circuit Court for the Twentieth Judicial District, at Nashville, Tennessee. If the Principal(s) shall pay all costs which are adjudged against them, then this obligation is void. If the Principal(s) fail(s) to pay, then the Surety shall undertake to pay all costs adjudged against the Principal(s).   Mandated at T.C.A. §20-12-120, et seq.

## PRINCIPAL(S):

David Braden

**PRINCIPAL**             **PRINCIPAL**

c/o Herzfeld, Suetholz, Gastel, Leniski and Wall, PLLC

223 Rosa L. Parks Ave, Ste 300, Nashville, TN 37203
         **Address**             **Address**

         **Employer**            **Employer**

      **Employer's Address**         **Employer's Address**

Principal     **(signature), or**    Principal     **(signature), or**
           **by**              **by**
Principal     **Attorney (signature)**   Principal     **Attorney (signature)**

## SURETY

Michael J. Wall   **(Print or Type Surety)**   Herzfeld, Suetholz, Gastel, Leniski and Wall, PLLC

BPR # 024774           223 Rosa L. Parks Ave, Ste 300, Nashville, TN 37203

**SIGNATURE OF SURETY**               **ADDRESS**

[Rev. 7-1-07]

Print Form

CIRCUIT COURT SUMMONS                                    NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20ᵀᴴ JUDICIAL DISTRICT

Service ID 433534

DAVID BRADEN

                **Plaintiff**

vs.

ARB GAMING LLC
UNITED STATES CORPORATION AGENTS INC
131 CONTINENTAL DRIVE SUITE 305
NEWARK, DE 19713

                **Defendant**

CIVIL ACTION
DOCKET NO. 24C1155
Method of Service:
 Secretary of State

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED: 05/07/2024

JOSEPH P. DAY
Circuit Court Clerk
Davidson County, Tennessee

By: _____

_____
Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

MICHAEL WALL
223 ROSA L. PARKS AVE
SUITE 300
NASHVILLE, TN 37203

---

**NOTICE TO THE DEFENDANT:**

Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

---

## CERTIFICATION

STATE OF TENNESSEE )
COUNTY OF DAVIDSON )

I, Joseph P. Day, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

rev. 09/01/2022



JOSEPH P. DAY, CLERK

By:                                       D.C.

To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

rev. 09/01/2022

CIRCUIT COURT SUMMONS                                                    NASHVILLE, TENNESSEE

Service ID 433534

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20ᵀᴴ JUDICIAL DISTRICT

DAVID BRADEN

|  | CIVIL ACTION |
|---|---|
|  | DOCKET NO. 24C1155 |

Method of Service:
  Secretary of State

                                                        **Plaintiff**

vs.

ARB GAMING LLC
UNITED STATES CORPORATION AGENTS INC
131 CONTINENTAL DRIVE SUITE 305
NEWARK, DE 19713

                                                        **Defendant**

### RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20___, I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the Summons and a copy of the Complaint/Petition in Docket No. 24C1155 to the Defendant, ARB GAMING LLC . On the _____ day of _____, 20___, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20___. Said return receipt is filed with the original Summons Return and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME, ON THIS                    _____
PERSON                                                        PLAINTIFF, PLAINTIFF'S ATTORNEY or OTHER

_____ DAY OF _____, 20____.                 AUTHORIZED BY STATUTE TO SERVE PROCESS

_____
_____ NOTARY PUBLIC or _____ DEPUTY CLERK
MY COMMISSION EXPIRES: _____

To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

rev. 09/01/2022



**Division of Business Services**
**Department of State**
State of Tennessee
312 Rosa L. Parks AVE, 6th FL
Nashville, TN 37243-1102

**Tre Hargett**
Secretary of State

## AFFIDAVIT AND ENDORSEMENT

Case #: **24C1155**                                          06/11/2024

Certified #: **9489009000276606845072**                  SOS Summons #: 15132945

RE: **DAVID BRADEN**

VS: **ARB GAMING LLC,**
**UNITED STATES CORPORATIONG AGENTS INC**

I, <u>JAMIE BURNETT</u>, having been duly authorized by Tre Hargett, Secretary of State of Tennessee, do hereby make oath on his behalf and under authorization as follows:

That on <u>05/10/2024</u>, I received from the plaintiff the original and certified copies of the process, notice or demand issued against <u>ARB GAMING LLC AKA/POE: UNTED STATES CORPORATION AGENTS INC</u>
whose address is: <u>131 CONTINENTAL DRIVE, NEWARK, DE 19713,</u>
and that on <u>05/16/2024</u>, I mailed by registered or certified return-receipt mail the certified copies of the process, notice, or demand to the above address together with a written notice that service was made.

I further make oath that the return receipt for the registered or certified letter was received at my office in Nashville, Tennessee, on <u>05/27/2024</u>, and returned to <u>DAVIDSON COUNTY - CIRCUIT COURT of NASHVILLE, TN</u> on <u>06/11/2024</u>.

Tre Hargett
Secretary of State

By: _Jamie Burnett POA_

Sworn to and subscribed before me this

11th day of _June_, 20 24

_____
Notary Public

My Commission Expires: _July 7, 2027_

SETH STRACENER
STATE OF TENNESSEE
NOTARY PUBLIC
DAVIDSON COUNTY

SS-4201(Rev. 9/15)                                                    RDA 1003





**Tre Hargett**
Secretary of State

**Division of Business Services**
**Department of State**
State of Tennessee
312 Rosa L. Parks AVE, 6th FL
Nashville, TN 37243-1102

DAVIDSON COUNTY CIRCUIT COURT CLERK
PO BOX 196303
NASHVILLE, TN 37219-6303

# Receipt Detail

| Receipt ID: | 008999056 |
| Receipt Date: | 05/15/2024 |
| Receipt Total: | $20.00 |

| Item | Description | Check/Ref # | DLN # | Price | # | Amount |
|------|-------------|-------------|-------|-------|---|--------|
| Summons | Summons | 15132945 | | $20.00 | 1 | $20.00 |
| Payment-Account | DAVIDSON COUNTY CIRCUIT COURT CLERK, NASHVILLE, TN | 081211 | | $20.00 | 1 | ($20.00) |

CIRCUIT COURT SUMMONS

NASHVILLE, TENNESSEE

Service ID 433534

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20ᵀᴴ JUDICIAL DISTRICT

DAVID BRADEN

vs.                                                          Plaintiff

ARB GAMING LLC
UNITED STATES CORPORATION AGENTS INC
131 CONTINENTAL DRIVE SUITE 305
NEWARK, DE 19713

Defendant

CIVIL ACTION
DOCKET NO. 24C1155
Method of Service:
Secretary of State

*(stamp) RECEIVED 2024 MAY 10 PM 2:02 STATE OF TENNESSEE SECRETARY OF STATE THE HONORABLE*

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED: 05/07/2024

JOSEPH P. DAY
Circuit Court Clerk
Davidson County, Tennessee

By: _____

Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:
MICHAEL WALL
223 ROSA L. PARKS AVE
SUITE 300
NASHVILLE, TN 37203

NOTICE TO THE DEFENDANT:

Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

CERTIFICATION

STATE OF TENNESSEE  )
COUNTY OF DAVIDSON  )

I, Joseph P. Day, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

rev. 09/01/2022

JOSEPH P. DAY, CLERK

By:           D.C.

To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

Service ID 433534

rev. 09/01/2022

CIRCUIT COURT SUMMONS

NASHVILLE, TENNESSEE

Service ID 433534

# STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20 ᵀᴴ JUDICIAL DISTRICT

DAVID BRADEN

|  | CIVIL ACTION |
|---|---|
| **Plaintiff** | DOCKET NO. 24C1155 |
|  | Method of Service: |
|  | Secretary of State |

vs.

ARB GAMING LLC
UNITED STATES CORPORATION AGENTS INC
131 CONTINENTAL DRIVE SUITE 305
NEWARK, DE 19713

**Defendant**

### RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20___, I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the Summons and a copy of the Complaint/Petition in Docket No. 24C1155 to the Defendant, ARB GAMING LLC . On the _____ day of _____, 20___, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20___. Said return receipt is filed with the original Summons Return and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME, ON THIS
PERSON

_____ DAY OF _____, 20____.

PLAINTIFF, PLAINTIFF'S ATTORNEY or OTHER

AUTHORIZED BY STATUTE TO SERVE PROCESS

_____
_____ NOTARY PUBLIC or _____DEPUTY CLERK
MY COMMISSION EXPIRES: _____

To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

**rev. 09/01/2022**



**UNITED STATES**
**POSTAL SERVICE**

Date Produced: 05/27/2024

TN SECRETARY OF STATE:

The following is the delivery information for Certified Mail™ item number 9489 0090 0027 6606 8450 72. Our records indicate that this item was delivered on 05/23/2024 at 12:32 p.m. in NEWARK, DE 19713. The scanned image of the recipient information is provided below.

Signature of Recipient :

*Genevieve Hughes*

Address of Recipient :

*131 Continental Drive*
*Suite 305 Newark, DE*

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number:     24C1155