IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID BRADEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:24-cv-00762 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| ARB GAMING LLC, ) | MAGISTRATE JUDGE FRENSLEY |
| ) | |
| Defendant. ) | |

## MEMORANDUM

Pending before the Court is Plaintiff David Braden's ("Braden") Motion to Remand (Doc. No. 18). Defendant ARB Gaming LLC ("ARB") filed a response in opposition (Doc. No. 24), and Braden filed a reply (Doc. No. 30). ARB also filed motions to dismiss the Complaint (Doc. No. 13) and stay discovery (Doc. No. 32). For the reasons set forth below, Braden's motion to remand (Doc. No. 18) is **GRANTED** and ARB's motion to dismiss (Doc. No. 13) and motion to stay discovery (Doc. No. 32) are **DENIED** as moot.

### I. FACTUAL BACKGROUND

Defendant ARB operates an online casino, Modo Casino, which offers slot machines, table games, and other games of chance. (Compl. ¶¶ 1-2). Social casinos closely resemble traditional casinos by offering slot machines and other games of chance in an online environment. (*Id.* ¶ 16). Typically, social casinos do not charge an upfront fee but offer virtual currency (gold, chips, tokens, or similar items) for a cash price. (*Id.*). The majority of the games at Modo Casino mimic physical slot machines. (*Id.* ¶ 19). Modo Casino offers first time users free Gold Coins and Sweepstakes Coins, which can be used to play games in either of two modes: "Standard Play" using Gold Coins or "Promotional Play" using Sweepstakes Coins. (*Id.* ¶¶ 20, 21). When Users lose their free Gold Coins, they cannot continue playing the game. (*Id.* ¶¶ 21, 22). ARB offers Gold Coins for sale and

users can purchase Gold Coins in various pricing ranges. (*Id.* ¶ 24). Users can resume playing ARB's games by purchasing Gold Coins. (*Id.* ¶ 25).

As an alternative to playing with Gold Coins purchased directly with money in "Standard Play", users can use Sweepstakes Coins in "Promotional Play" mode. (*Id.* ¶ 30). Sweepstakes Coins may be obtained in the following ways: as a free bonus with the purchase of specifically marked packs of Gold Coins; by responding to no-cost challenges and giveaways on ARB's social media accounts; as part of a daily bonus when logging in to the users' accounts; by mailing a request to ARB; or by bringing new users to Modo Casino under ARB's referral program. (*Id.* ¶ 32). The games at Modo Casino are based mostly or entirely on chance. (*Id.* ¶ 39). ARB keeps records of users' wagers and outcomes, and Braden alleges that many individuals in Tennessee have lost both Gold and Sweepstakes Coins over the past year. (*Id.* ¶¶ 43,44).

Braden has never personally played games or made purchases at Modo Casino. (Compl. ¶ 14). Nonetheless, pursuant to Tenn. Code Ann. § 29-19-105, Braden seeks to recover "gambling losses for the use and benefit of the families of Modo Casino users". (Compl. ¶ 14). Braden does not seek any personal recovery in this action. (Compl. ¶¶ 59,60).

ARB removed the action to this Court under 28 U.S.C. §1446. (Doc. No. 1). After removal, ARB moved to dismiss the Complaint for lack of personal jurisdiction and therein argued that "Plaintiff has suffered no injury for which he is seeking recovery in this action…" (Doc. No. 14 at PageID # 85). Braden seized on that position and moved to remand by arguing that he lacks standing to sue in federal court and diversity of citizenship fails based on his failure to satisfy the amount in controversy under 28 U.S.C. §1332. (Doc. No. 18).

II.     STANDARD OF REVIEW

A civil action may be removed from state court to federal court if the action could have been filed originally in federal court. *See* 28 U.S.C. § 1441. The removal statutes, 28 U.S.C. §§

2

1441 et seq., are "to be construed strictly, narrowly and against removal." *Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins., Co.*, 5 F.3d 963, 968 (6th Cir. 1993). The party seeking removal bears the burden of demonstrating the federal court has original jurisdiction over the action. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006).

If the plaintiff timely objects to a defective removal, then Section 1447(c) directs the district court to remand the case. 28 U.S.C. § 1447(c). *See Southwell v. Summit View of Farragut, LLC*, 494 Fed. Appx. 508, 511 n.2 (6th Cir. 2012) (noting that Section 1441(b)(2) is non-jurisdictional in nature and must be raised by the plaintiff in a motion to remand). In responding to a motion to remand, "the defendant bears the burden of establishing that removal was proper." *Leasing Angels, Inc. v. Brown*, No. 224CV02001SHLCGC, 2024 WL 2014778, at *2 (W.D. Tenn. May 7, 2024).

### III. ANALYSIS

Braden's motion is unusual, to say the least. Typically, a plaintiff argues why he has standing to sue in federal court; here, Braden argues that he lacks standing and that this Court lacks subject matter jurisdiction to decide the case, and that as a result, the case must be remanded to state court.

In response, ARB argues that Braden has standing to pursue his claims in this court because "representative causes of action similar to that authorized by Tenn. Code Ann. § 29-19-105 provide 'any other person' standing to bring suit in federal court." (Doc. No. 24 at PageID # 570). However, Braden contends that "the fact that a statute authorizes somebody to sue does not endow that person with Article III standing." (Doc. No. 19 at PageID # 511). The Court agrees.

Supreme Court precedent makes clear that a statutory basis for suit does not confer standing where there is no injury in fact that is fairly traceable to Defendant's challenged conduct. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016), *as revised* (May 24, 2016) ("Congress' role in identifying

3

and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. Article III standing requires a concrete injury even in the context of a statutory violation. For that reason, Robins could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III."); *see also Summers v. Earth Island Inst.,* 555 U.S. 488, 496 (2009) ("But deprivation of a procedural right without some concrete interest that is affected by the deprivation — a procedural right *in vacuo* — is insufficient to create Article III standing. Only a 'person who has been accorded a procedural right to protect his concrete interests can assert that right without meeting all the normal standards for redressability and immediacy.'"); *Thole v. U.S. Bank N.A.*, 590 U.S. 538, 544 (2020) ("[Plaintiffs] assert standing as representatives of the plan itself. But in order to claim 'the interests of others, the litigants themselves still must have suffered an injury in fact, thus giving' them 'a sufficiently concrete interest in the outcome of the issue in dispute'" and holding that "[b]ecause the plaintiffs themselves have no concrete stake in the lawsuit, they lack Article III standing.").

The Supreme Court addressed this issue more recently in *TransUnion LLC v. Ramirez*, 594 U.S. 413, 426, 141 S. Ct. 2190, 2205, 210 L. Ed. 2d 568 (2021). In *TransUnion*, the plaintiff alleged that a credit reporting agency violated the Fair Credit Reporting Act by failing to follow reasonable procedures to ensure the accuracy of credit files and providing incomplete credit files and summaries of consumer's rights. *Id.* at 430. The Supreme Court squarely addressed whether claimants had standing to pursue their claims under the statute and recognized that "Congress's creation of a statutory prohibition or obligation and a cause of action does not relieve courts of their responsibility to independently decide whether a plaintiff has suffered a concrete harm under

Article III any more than, for example, Congress's enactment of a law regulating speech relieves courts of their responsibility to independently decide whether the law violates the First Amendment. As Judge Katsas has rightly stated, 'we cannot treat an injury as 'concrete' for Article III purposes based only on Congress's say-so.'" *Id.* at 426 (internal citations omitted).

The Supreme Court in *TransUnion* also recognized the existence of an important distinction between (1) a plaintiff's statutory cause of action to bring a claim regarding the defendant's violation of a law and (2) a plaintiff's suffering concrete harm because of the defendant's violation. *Id.* at 426-27. When considering the distinction, the Supreme Court provided that "Congress may enact legal prohibitions and obligations. And Congress may create causes of action for plaintiffs to sue defendants who violate those legal prohibitions or obligations. But under Article III, an injury in law is not an injury in fact. Only those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant over that violation in federal court. As then-Judge Barrett succinctly summarized, 'Article III grants federal courts the power to redress harms that defendants cause plaintiffs, not a freewheeling power to hold defendants accountable for legal infractions.'" *Id.* at 427 (internal citation omitted).

Here, it appears the parties agree that Braden did not suffer an injury in fact for which he is seeking recovery in this action. (Doc. No. 19 at PageID # 513; Doc. No. 14 at PageID # 85). Accordingly, the Court finds that Braden lacks standing to pursue his claims against ARB in this Court because Braden has not suffered any concrete harm as a result of ARB's actions.

ARB next argues that Tenn. Code Ann. § 29-19-105 equates to an assignment of the claims held by the family members of users of ARB's platform. "An 'assignment' is a transfer of property or some other right from one person (the 'assignor') to another (the 'assignee'), which confers a

5

complete and present right in the subject matter to the assignee." *King Recs., Inc. v. Daily*, No. 3:03CV1130, 2006 WL 2368327, at *2 (M.D. Tenn. Aug. 14, 2006).

Here, Braden did not allege any assignment in the Complaint, and a right of action does not create a forced assignment by others who may want to bring their own suit.

ARB also argues that this is "in substance a class action" and that Braden has standing to sue on behalf of a class. (Doc. No. 19 at PageID # 515). The Court notes that no class has been alleged or defined.[1] Moreover, even if one is implied, Braden must still have standing in his own right. *Berry v. GMAC-Residential Funding Corp.*, No. 01-2713 GB, 2002 WL 1797779, at *9 (W.D. Tenn. July 31, 2002) (internal citations omitted) ("In a class action (or potential class action), the individual standing of each named plaintiff vis-a-vis each defendant is a threshold issue. Named plaintiffs do not acquire standing by virtue of bringing a class action. Rather, a plaintiff 'cannot represent those having causes of action against other defendants against whom the plaintiff has no cause of action and from whose hands he suffered no injury.'").

Because the Court dismisses this action for lack of standing, it need not reach the parties' arguments on diversity jurisdiction.

### IV.    CONCLUSION

For the reasons stated, Braden's motion to remand (Doc. No. 18) is **GRANTED**. In light of the Court's ruling on the motion to remand, ARB's motion to dismiss (Doc. No. 13) and motion to stay discovery (Doc. No. 32) are **DENIED** as moot.

An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Court also notes that ARB did not indicate "class action" on the Civil Cover Sheet upon removal.